IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **PRIORITY 1 AUTOMOTIVE GROUP, INC., d/b/a BMW OF TOWSON,** | * * * * | |
| **Plaintiff,** | * * | |
| v. | * * | Civil No. SAG-21-1309 |
| **CDK GLOBAL, LLC,** | * * * | |
| **Defendant.** | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Priority 1 Automotive Group, Inc., d/b/a BMW of Towson ("Priority 1") filed a Complaint against Defendant CDK Global, LLC ("CDK"), asserting claims of breach of contract and unjust enrichment arising out of the companies' business dealings. ECF 1. CDK has filed a Motion to Dismiss, ECF 15, which this Court has reviewed along with Plaintiff's opposition, ECF 21, and CDK's reply, ECF 28. No hearing is necessary to resolve the motion. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, CDK's motion will be denied.

**I.      Factual Background**

The following facts are derived from the Complaint and are assumed to be true for purposes of this motion. Priority 1 is a family-owned and operated group of automobile dealerships. ECF 1 ¶ 9. CDK provides software and services to its customers. *Id.* ¶ 10. In 2009, Priority 1 and CDK entered a Master Services Agreement for CDK to provide a dealer management system ("DMS") to Priority 1. *Id.* ¶ 1. The system allows dealerships such as Priority 1 to manage various facets of the business, like sales, parts, service, financing, payroll, and inventory. *Id.*

During the intervening years, Priority 1 and CDK have executed a series of addenda to the original MSA. *Id.* The addenda include promises by CDK not to use Priority 1's data to create or

supply revenue generating services without written consent from Priority 1. *Id.* ¶ 2. However, CDK created several revenue-producing services, including SecurityFirst, Third Party Access (3PA) Program, and Dealer Data Exchange, which allegedly "use and/or rely on its customers' private data – with or without the customers' prior written consent." *Id.* ¶ 3.

As a result of the charges CDK has imposed on Priority 1's third-party software providers through these revenue-producing programs, those third-party vendors have passed on the fees to Priority 1. *Id.* ¶¶ 4, 41.

## II. Legal Standards

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to test the legal sufficiency of a complaint by way of a motion to dismiss. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." *See In re Birmingham*, 846 F.3d at 92.

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . .") (citation omitted); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011). But a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from

3

the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought.  *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011).

In evaluating the sufficiency of a complaint in connection with a Rule 12(b)(6) motion, a court ordinarily "may not consider any documents that are outside of the complaint, or not expressly incorporated therein."  *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013), *abrogated on other grounds by Reed v. Town of Gilbert.*, 576 U.S. 155 (2015); *see Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007).  However, a court may properly consider documents incorporated into the complaint or attached to the motion to dismiss, "so long as they are integral to the complaint and authentic."  *U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *see Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004).

### III.   Analysis

CDK's arguments for dismissal suggest (1) that Priority 1's Complaint contains insufficient factual detail and (2) that the facts Priority 1 asserts are inaccurate.  ECF 15.  This Court disagrees as to the first point.  Accepting the factual allegations in the Complaint as true, Priority 1 has alleged that, in contravention of the parties' agreement, CDK improperly used its data in a number of revenue-generating programs, including at least one that has resulted in a number of Priority 1's identified third-party vendors increasing the rates charged to Priority 1.  Those assertions, taken as true and with all reasonable inferences drawn in Priority 1's favor, suffice to meet the low bar of the pleading standard.

As to CDK's dispute of the facts, a factual inquiry into the merits of the parties' positions is premature at the motion to dismiss stage particularly where, as here, the parties appear to dispute many facts. Courts generally do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (quoting *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). The issue of whether CDK's programs were in fact revenue-generating, along with the other evident factual disputes, await a later stage of this litigation when discovery has taken place. For the purpose of the relatively low threshold of "plausibility" required at the motion to dismiss stage, Priority 1's allegations, assumed to be true, suffice to state a breach of contract claim.[1]

Similarly, CDK's argument that Priority 1's unjust enrichment claim should be dismissed is unpersuasive. At the motion to dismiss stage, a party may maintain both claims for breach of contract and claims for unjust enrichment, although ultimately, equitable relief is unavailable if the parties' rights are governed by contract. *See Dzielak v. Whirlpool Corp.*, 26 F. Supp. 3d 304, 331 (D.N.J. 2014) ("Unjust enrichment is a backstop cause of action that often turns out to be superfluous if, for example, a breach of contract is shown. But Plaintiffs plead this claim in the alternative, as they are permitted to do."); *Swedish Civil Aviation Admin. v. Project Mgmt. Enters.*, 190 F. Supp. 2d 785, 792 (D. Md. 2002) ("[A]lthough [plaintiff] may not recover under both contract and quasi-contract theories, it is not barred from pleading these theories in the alternative where the existence of a contract concerning the subject matter is in dispute."). This Court agrees

---

[1] CDK also argues that the types of damages sought by Priority 1 are precluded by the parties' contractual agreements. ECF 15-1 at 16-18. This Court does not believe this damages issue is suited to disposition at the motion to dismiss stage, although CDK will be free to raise it again at a later state of the litigation.

with CDK that neither party appears to challenge the existence of the MSA and addenda here, meaning that the availability of recovery under quasi-contract may be highly unlikely. Nevertheless, this Court declines to dismiss Count Two at the pleading stage, noting that the overall scope of discovery is unlikely to change materially as a result of the continued viability of Count Two.

Of course, this Court's ruling on this motion to dismiss suggests nothing about what the ultimate outcome of this case will be, once the factual record is complete.  The burden on the non-moving party is much greater in connection with subsequent stages of a litigation.  Under the relatively low bar of the Rule 12(b)(6) standard, however, Counts One and Two are adequately pleaded and should proceed to discovery.

## IV. CONCLUSION

For the reasons set forth above, CDK's Motion to Dismiss, ECF 15, is denied.  A separate Order follows.

Dated:  October 25th, 2021
/s/
Stephanie A. Gallagher
United States District Judge