IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **PRIORITY 1 AUTOMOTIVE GROUP, INC. d/b/a BMW OF TOWSON,** | * * * * | |
| **Plaintiff,** | * | |
| . | * | Civil Case No. SAG-21-1309 |
| | * | |
| **CDK GLOBAL, LLC,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This Court has reviewed the "Motion for Attorney's Fees and Costs Pursuant to Federal Rule of Civil Procedure 30(g)" filed by Defendant CDK Global, LLC ("CDK"), ECF 125, the "Memorandum of Law in Opposition to CDK's Bill of Costs and Motion for Fees and Costs" submitted by Plaintiff Priority 1 Automotive Group, Inc. d/b/a BMW of Towson ("Priority 1"), ECF 131, and CDK's reply, ECF 134. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). This Court notes at the outset that because CDK included the fees and costs it seeks pursuant to Rule 30(g) in its bill of costs, and because Priority 1 opposed both the bill of costs and the motion in a single filing, two different issues before two different decisionmakers have now become conflated. The taxation of costs pursuant to a bill of costs is entrusted to the Clerk of Court. This Court, therefore, will focus on the propriety of the $8442.50 in attorney's fees and expenses of $1268.72 requested pursuant to Rule 30(g).

The instant dispute arises out of the events of May 19, 2023. On that date, Priority 1 had scheduled a Rule 30(b)(6) deposition of a CDK representative. CDK's designee, Michael Kane, had traveled to Chicago to be deposed, following significant time expended by counsel to prepare him for the deposition. That morning, CDK's counsel presented Priority 1's counsel with two

documents they had reviewed during deposition preparation. Priority 1's counsel then stated that they wished to cancel the deposition to allow adequate time to review the documents. CDK objected to the cancellation as they were in Chicago ready to proceed. The parties reached out to the Court for guidance. After several hours, the Court was able to respond and notify the parties that the deposition should proceed. However, by that time, Priority 1's counsel had already departed Chicago, and the deposition did not occur. Priority 1 did take a subsequent Rule 30(b)(6) deposition, but CDK designated a new witness other than Kane for that occasion.

CDK contends that it should be able to recover for 27.8 hours of attorney time spent preparing for and attending the failed May 19, 2023 deposition of Kane, plus costs of $1268.72. It cites Federal Rule of Civil Procedure 30(g), which provides that "[a] party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to . . . attend and proceed with the deposition."

This Court is persuaded that some award of fees and costs pursuant to Rule 30(g) is appropriate in these circumstances. While this Court credits Priority 1's contention that the two documents it received shortly before the deposition were significant to the case, Priority 1 has not established that CDK had any duty to produce the documents earlier in the course of discovery. Absent that circumstance, CDK's voluntary production of the documents before the deposition was not belated or improper. And there is simply no reason that Priority 1 could not have gone forward with a wide swath of its Rule 30(b)(6) deposition on May 19, 2023, simply reserving questions touching on the recently produced documents for the end (or "suspending" the deposition once those questions were reached). In fact, had they done so, this Court's response to the parties' inquiry would have come during the course of the deposition. But instead, Priority 1's refusal to proceed with the deposition in its entirety, and its decision to depart the premises before hearing

this Court's response, caused the expenditure of costs and the attorney time attending the May 19, 2023 deposition (4.0 hours) to be wasted.

It is true, of course, that CDK could have re-designated Kane to serve as its 30(b)(6) witness on the subsequent occasion, thereby making use of some of his preparation. This Court is unpersuaded that the time expended by counsel alone to prepare for Kane's 30(b)(6) deposition is recoverable, because it would inherently be useful in the preparation of the replacement witness. This Court therefore declines to award attorney's fees for those efforts *other than* the actual days counsel spent preparing for and meeting with Kane for his testimony (9.0 hours for Matthew Provance, Esq. and 6.6 hours for William McElhaney, Esq.). A total of 13.0 hours for Provance at $350 per hour and 6.6 hours for McElhaney at $225 per hour amounts to $6035.00.

This Court will therefore award the incurred expenses of $1268.72 relating to the May 19, 2023 deposition and will award attorneys' fees in the amount of $6035.00, pursuant to Rule 30(g). A separate order will enter, directing the Clerk to incorporate those sums into her bill of costs analysis.

Dated: February 10, 2026                                        /s/
                                                        Stephanie A. Gallagher
                                                        United States District Judge